**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Bruce, | No. CV-25-00957-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Sean Bruce's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial. (Doc. 1.) After reviewing the briefs (Docs. 6, 9-10), and the Administrative Record (Doc. 5, "A.R."), the Court affirms.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed for Title II disability insurance benefits on July 28, 2022, alleging his disability began on January 13, 2018. (Doc. 6 at 2.) The SSA denied his claim on May 22, 2024. (*Id.*) On February 19, 2025, the SSA Appeals Council denied review. (*Id.*) Plaintiff now asks the Court to review the denial pursuant to 45 U.S.C. § 405(g). (*See generally id.*)

### B. ALJ Determination

Here, the ALJ concluded that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of January 31, 2018 through his date last

insured of June 30, 2023." (A.R. at 17.) The ALJ then determined that Plaintiff had the following severe impairments: "mild left shoulder glenohumeral osteoarthritis, inflammatory bowel disease (IBS), diverticular stricture, s/p hernia repair, sigmoid resection, anxiety disorder, and depression." (*Id.* at 18.) The ALJ next concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404." (*Id.* at 19.) The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) except he could lift and carry 20 pounds occasionally and 10 pounds frequently. He could stand and/or walk 6 hours and sit 6 hours in an 8-hour day. He could occasionally climb, kneel, crouch, and crawl and frequently balance and stoop. The claimant should not have been exposed to hazards such as moving machinery and unprotected heights. He required ready access to a restroom. He was able to perform simple, repetitive work tasks involving simple work-related decisions with few changes in the work setting, and simple instructions not involving public contact. He was able to have occasional interactions with coworkers and supervisors.

(*Id.* at 22.)

The ALJ found that while Plaintiff was unable to perform past relevant work, he could perform a significant number of jobs in the national economy due to his age, education, work experience, and RFC. (*Id.* at 30-31.) Examples of such jobs included mail clerk, assembler, and cleaner positions. (*Id.* at 31.) Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through June 30, 2023, the date last insured. (*Id.* at 32.)

## II.    LEGAL STANDARD

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is unsupported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence

supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant is not working in a substantially gainful activity, then the claimant's case proceeds to step two. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant's impairment is severe, then the inquiry proceeds to step three. *See id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, then the ALJ assesses the claimant's RFC to determine whether the claimant is still capable of performing past relevant work before moving to step four. *Id.* § 416.920(a)(4)(iv), (e)-(f). At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of past relevant work. *Id.* If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.*

1  § 416.920(a)(4)(v), (g). If so, the claimant is not disabled; if not, the claimant is disabled.

2  *Id.*

3  **III.    DISCUSSION**

4        Plaintiff argues the ALJ erred by improperly rejecting (1) the medical evidence from

5  Dr. Kari Coelho, (2) his own symptom testimony, and (3) lay witness testimony. (Doc. 6

6  at 15-23.) He also argues that the ALJ's step-five determination is unsupported by

7  substantial evidence. (*Id.* at 23-24.) The Court considers each claim in turn.

8        **A.    Medical Evidence**

9        Plaintiff argues the ALJ improperly discounted critical portions of Dr. Kari

10  Coelho's medical opinion by failing to explain which findings were persuasive or

11  analyzing supportability and consistency. (*Id.* at 15-17.) He also contends the RFC did not

12  account for Dr. Coelho's assessed mental health limitations. (*Id.* at 16.)

13        Dr. Coelho examined Plaintiff in July 2023 and opined that he suffered from major

14  depressive disorder and generalized anxiety disorder. (A.R. at 832.) As part of that

15  assessment, Dr. Coelho opined that he has "significant problems" with social interaction

16  and coping and adaptability and is "easily stressed," but that he "is able to mitigate some

17  of his stress and anxiety by avoiding situations and staying at home." (*Id.* at 833-34.)

18  Ultimately, the ALJ found Dr. Coelho's opinion "partially persuasive." (*Id.* at 29.)

19        An ALJ must assess all the medical evidence when formulating a claimant's RFC.

20  20 C.F.R. § 404.1545(a)(1). RFC is an administrative, not medical, finding concerning a

21  claimant's ability to work. *Id.* § 404.1546. In examining medical evidence, an ALJ must

22  articulate how persuasive he or she finds all the medical opinions from each doctor or other

23  source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations

24  applicable here,[*] supportability and consistency are the "most important" factors for an

25  ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R.

26  § 404.1520c(a)). Supportability means the extent to which a medical source supports the

27

28  _____
[*] Plaintiff filed his benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

1    medical opinion by explaining the relevant objective medical evidence. 20 C.F.R.

2    § 404.1520c(c)(1). Consistency measures how a medical source compares with others;

3    "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is

4    with the evidence from other medical sources and nonmedical sources in the claim, the

5    more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."

6    *Id.* § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by

7    substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740

8    (quoting *Woods*, 32 F.4th at 792).

9        The Court finds that substantial evidence supports the ALJ's evaluation of Dr.

10    Coelho's opinion. In addressing consistency, the ALJ explained that although Dr. Coelho

11    observed visible anxiety symptoms such as shaking and tremulousness during the

12    consultative examination, Plaintiff's treating medical providers did not report similar

13    observations. (A.R. at 20, 29.) The ALJ further considered Plaintiff's reported social

14    difficulties and tendency to avoid leaving the house but concluded that the weight of the

15    evidence supported no greater than moderate limitations in social interaction, consistent

16    with the RFC's restrictions. (*Id.*)

17        Plaintiff disputes the ALJ's characterization of treatment response and cites

18    evidence that could be interpreted as showing ongoing symptoms or medication side

19    effects. (Doc. 6 at 16.) Although the ALJ did not cite every treatment note in the paragraph

20    addressing Dr. Coelho's opinion, the Court reviews the decision as a whole and may look

21    to "*all* the pages" of the ALJ's decision in determining whether substantial evidence

22    supports the findings. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis

23    in original). Read in context, the decision makes clear that the ALJ relied on records

24    documenting reported improvement with medication. (*See* A.R. at 27-28, 402, 508-09,

25    824.) Where, as here, the record contains conflicting evidence but also substantial evidence

26    supporting the ALJ's interpretation, the Court must defer to the ALJ's resolution of those

27    conflicts. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

28        Therefore, substantial evidence supports the ALJ's decision to find Dr. Coelho's

opinion partially persuasive due to inconsistency with other medical evidence. Any alleged deficiency in the supportability discussion would therefore be harmless. *See Woods*, 32 F.4th at 792-94, 793 n.4 (suggesting that even where an ALJ provides no supportability analysis for a medical opinion, the ALJ may properly find the opinion unpersuasive so long as there is an inconsistency finding supported by substantial evidence); *Archunde v. Comm'r of Soc. Sec. Admin.*, No. CV-24-01993-PHX-JAT, 2025 WL 520534, at *6 (D. Ariz. Feb. 18, 2025).

Finally, the RFC adequately reflects the ALJ's determination that Dr. Coelho's examination findings supported no limitation in understanding, remembering, or applying information and only moderate limitations in the remaining functional areas. (A.R. at 22, 29); *Archunde*, 2025 WL 520534, at *6 (holding that the ALJ is responsible for translating clinical findings into an RFC and that SSA regulations do not require direct correspondence between the RFC and any specific medical opinion). The RFC is also consistent with other medical evidence and prior administrative medical findings that Plaintiff does not challenge. (*See, e.g.*, *id.* at 29, 86.) Accordingly, the ALJ adequately explained her evaluation of Dr. Coelho's opinion under the applicable regulations, and substantial evidence supports her finding that the opinion was only partially persuasive.

## B. Symptom Testimony

Plaintiff also argues that the ALJ failed to specify which portions of his testimony she found not credible and failed to provide "clear and convincing reasons," supported by the record, for discounting his subjective symptom testimony. (Doc. 6 at 18.) In support, Plaintiff emphasizes his testimony regarding ongoing gastrointestinal symptoms and persistent depression and anxiety. (*Id.*) Although he acknowledges that his hernia surgery in November 2022 improved his gastrointestinal symptoms, Plaintiff contends that the surgery occurred nearly four years after his alleged onset date and did not alleviate his mental health symptoms. (*Id.* at 19.)

In evaluating a claimant's subjective symptom testimony, an ALJ applies a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must

determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). If there is such objective evidence, and "no evidence of malingering," "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The question on review is not whether the Court is convinced, but whether the ALJ's rationale is "clear enough that it has the *power* to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (emphasis added). In making this determination, the ALJ may consider inconsistencies between the claimant's testimony and the objective medical evidence, treatment history, and daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements regarding "the intensity, persistence and limiting effects of [those] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (A.R. at 23.) Because the ALJ made no finding of malingering, the question is whether she articulated specific, clear, and convincing reasons for discounting Plaintiff's testimony.

The ALJ did so. She explained that Plaintiff's allegations were inconsistent with the objective medical evidence, his treatment history, and his reported daily activities. (*Id.* at 23-30.) These are recognized bases for discounting subjective symptom testimony. *See Thomas*, 278 F.3d at 959 (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's

testimony and his or her conduct, daily activities, and work record, among other factors.").

Substantial evidence supports the ALJ's reasoning. Although Plaintiff testified to disabling gastrointestinal symptoms, the record reflects gaps in treatment, positive response to medication and dietary management, and significant improvement following surgery in November 2022. (*See* A.R. at 22-29, 673-74, 827.) Plaintiff's reliance on the timing of his hernia surgery is unavailing. The ALJ did not rely on the surgery alone, but instead evaluated the longitudinal record, including conservative treatment, periods of symptom improvement, gaps in care, and functional activity inconsistent with disabling limitations. (*See id.* at 24-26.)

The record also shows that Plaintiff's depression and anxiety improved with medication. (*Id.* at 26-29, 397, 402, 508-09, 824.) Finally, despite alleging disabling physical and mental symptoms, Plaintiff reported a wide range of daily activities, including exercising, walking his dog, performing household chores, driving occasionally, shopping online, cooking, managing finances, caring for his dog, yard work, and engaging in hobbies such as target practice, skateboarding, darts, and playing pool. (*See, e.g.*, *id.* at 20-21, 27-28, 258-65, 290-98, 301-04, 463, 587.) Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting his subjective symptom allegations.

## C.    Lay Witness Testimony

Plaintiff next argues that the ALJ failed to provide germane reasons for rejecting statements made by his brother, mother, and uncle regarding his symptoms. (Doc. 6 at 22-23.) Plaintiff also argues that the ALJ failed to consider a statement by his girlfriend, thereby violating SSA regulations which require the ALJ to consider all nonmedical evidence. (*Id.*)

In response, Defendant argues that under revised SSA regulations, an ALJ is not required to specifically address lay witness evidence. (Doc. 9 at 10-13.) Prior to 2017, an ALJ had to provide germane reasons for discounting lay witness testimony. *Turner v.*

*Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). However, for claims filed on or after March 17, 2017, revised SSA regulations provide that an ALJ is "not required to articulate how [she] considered evidence from nonmedical sources . . . ." 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Based on these revisions, Defendant argues that "the revised regulations abrogated the germane reasons standard and, consequently, that standard does not apply to Plaintiff's claim." (Doc. 9 at 14.)

The Court acknowledges that in March 2025, the Ninth Circuit clarified that under the new regulations, "ALJs need not explain their reasons for discounting evidence from nonmedical sources, such as the claimant's friends and family." *Hudnall v. Dudek*, No. 23-3727, 2025 WL 729701, at *3 (9th Cir. Mar. 7, 2025). But that decision was later vacated. *See Hudnall v. Dudek*, No. 23-3727, 2025 WL 1379101, at *1 (9th Cir. May 13, 2025). In the revised memorandum disposition, the Ninth Circuit held it need not decide whether the revised regulations change the requirement for germane reasons to discount lay testimony "because any error by the ALJ in not giving a germane reason for rejecting [the lay witness's testimony] was harmless." *Id.* at *2. The same is true here.

"Where the ALJ gives clear and convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar to the claimant's subjective complaints, the reasons given to reject the claimant's testimony are also germane reasons to reject the lay witness testimony." *Caleb H. v. Saul*, No. 4:20-CV-5006-EFS, 2020 WL 7680556, at *8 (E.D. Wash. Nov. 18, 2020). Here, the four lay witness statements at issue generally repeat the same claims made by Plaintiff regarding the severity of his gastrointestinal and mental health impairments. (*See* A.R. at 29-30, 226-34, 258-65, 266-72, 280-98.) Because the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony, those same reasons constitute germane grounds for discounting the statements of the lay witnesses. *Kurtenbach v. Comm'r of Soc. Sec. Admin.*, No. CV-22-01348-PHX-DLR, 2024 WL 356869, at *4 (D. Ariz. Jan. 31, 2024) ("Because the ALJ had clear and convincing reasons to discredit Plaintiff's symptom testimony, it follows that the ALJ had germane reasons to discredit the statements of all

1    four lay witnesses.").

2        **D.    Step Five Determination**

3        Plaintiff argues that in posing her hypothetical questions to the vocational expert

4    ("VE"), the ALJ omitted his "credible allegations, the limitations described by the lay

5    witnesses, and the limitations assessed by Dr. Coelho." (Doc. 6 at 24.) He therefore argues

6    that the ALJ's step-five determination is unsupported by substantial evidence. (*Id.*)

7        At step five, the ALJ considers a claimant's RFC, age, education, and work

8    experience to determine whether a claimant can make an adjustment to other work. 20

9    C.F.R. § 416.920(a)(4)(v). If a claimant can make the adjustment to other work, the

10   claimant is not disabled. *Id.* To make this determination, the ALJ may rely on a VE to

11   testify as to: "(1) what jobs the claimant, given [his RFC], would be able to do; and (2) the

12   availability of such jobs in the national economy. At the hearing, the ALJ poses

13   hypothetical questions to the [VE] that 'set out all of the claimant's impairments' for the

14   [VE's] consideration." *Tackett*, 180 F.3d at 1101 (quoting *Gamer v. Sec'y of Health and*

15   *Hum. Servs.*, 815 F.2d 1275, 1279 (9th Cir. 1987)).

16       "Where the hypothetical the ALJ poses to the VE contains all of the limitations the

17   ALJ finds credible and supported by substantial evidence in the record, the 'ALJ's reliance

18   on testimony the VE gave in response to the hypothetical . . . [is] proper.'" *Antahn v.*

19   *Comm'r of Soc. Sec. Admin.*, No. CV-23-00078-PHX-DLR, 2024 WL 3200696, at *5 (D.

20   Ariz. June 27, 2024); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th

21   Cir. 2008) (holding that ALJ did not err in omitting limitations unsupported by substantial

22   evidence in the record from the hypothetical posed to the VE). As discussed, substantial

23   evidence supports the ALJ's evaluation of Plaintiff's testimony, his family and girlfriend's

24   testimony, and Dr. Coelho's opinion. The ALJ did not err in the step-five determination.

25   **IV.    CONCLUSION**

26       Accordingly, substantial evidence supports the ALJ's decision.

27       **IT IS ORDERED affirming** the ALJ's decision (A.R. at 15-32).

28   . . . .

1    **IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment

2 consistent with this Order and close this case.

3    Dated this 26th day of January, 2026.

4

5

6                                         Michael T. Liburdi
                                          United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28